Lester Holtzmau, J.
This is an article 78 proceeding in which petitioner seeks to (1) prohibit respondents from awarding a contract for the performance of certain construction work based upon a single bid therefor, (2) direct respondents to award separate contracts for said work in accordance with sections 101 and 103 of the General Municipal Law, (3) prohibit respondent Comptroller of the City of New York (hereinafter referred to as the Comptroller) from authorizing or approving payments in any manner for work based upon a single bid and (4) direct respondent Board of Education of the City of New York (hereinafter referred to as the Board) to award to petitioner the contract for electric wiring and standard illuminating fixtures.
The application of the Association of Contracting Plumbers of the City of New York, Inc., for “leave of the Court to appear throughout this proceeding as amicus curiæ ” is granted.
The Board has the power to purchase, repair, remodel, improve or enlarge school buildings or other buildings or sites, and to construct new buildings (Education Law, § 2556, subd. 1). No site may be designated and no building may be constructed, remodeled or enlarged until the plans and specifications therefor are approved by the Board (Education Law, § 2556, subd. 4) a,-nr) it must let all contracts for public work to the lowest responsible bidder after advertisement for bids where so required by section 103 of the General Municipal Law (Education Law, § 2556, subd. 10). Section 103 of the General Municipal Law requires advertising for bids when the contract for public work involves an expenditure of more than $2,500 and allows the Board to reject all bids and readvertise for new ones.
Section 101 of the General Municipal Law reads as follows:
“ Separate specifications for certain public work. 1. Every officer, board or agency of a political subdivision or of any district therein, charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction, reconstruction or alteration of buildings, when the entire cost of such work shall exceed fifty thousand dollars, *142 shall prepare separate specifications for the following three subdivisions of the work to be performed:
‘ ‘ a. Plumbing and gas fitting;
‘ ‘ b. Steam heating, hot water heating, ventilating and air conditioning apparatus; and “ c. Electric wiring and standard illuminating fixtures.
“ 2. Such specifications shall be drawn so as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts awarded by any political subdivision or by an officer, board or agency thereof, or of any district therein, for the erection, construction, reconstruction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately in the manner provided by section one hundred three of this chapter. Nothing in this section shall be construed to prevent any political subdivision from performing any such branches of work by or through their regular employees, or in the case of public institutions, by the inmates thereof.”
Respondent Superintendent of Design, Construction and Physical Plant of the Board of Education of the City of New York (hereinafter referred to as the Superintendent) prepared separate specifications in accordance with section 101 and advertised for bids pursuant to section 103. On November 13, 1964 the bids were opened and petitioner found to be the lowest bidder for electrical work. The aggregate of all the bids was $240,831, approximately $40,000 more than the estimated total. On December 9, 1964 the Mayor of the City of New York forwarded a written approval to the Board which reads in part as follows:
“ Pursuant to Section 228 of the New York City Charter and Order 107 of the Mayor dated June 15,1964 approval is hereby granted of final plans, Specification 136 (P. E.) 1964 and aggregate estimate of cost, $200,000. for four items, rehabilitation work at the Far Rockaway High School Athletic Field, Queens, as follows;

and the Director of the Budget is authorized to approve addenda and increased estimated cost by reason of higher bids.”
*143 The Superintendent rejected all bids and on December 23,1964 readvertised for new ones to be opened on January 12,1965. This advertisement, however, did not include separate specifications in accordance with section 101 and requested only one bid 44 for all of the work, which shall include the cost of the work of General Construction, Plumbing and Drainage, Heating and Ventilating, and Electric Work and Lighting Fixtures: any statement or information to the contrary in the specifications or on the drawings shall be disregarded. ”
Both advertisements were entitled ‘' far bockaway high school behabilitatioh of athletic field”. This rehabilitation within the City of New York involved, among other thing’s, the demolition and removal of existing bleachers, construction of new bleachers, construction of a toilet and storage building beneath the bleachers, alterations to an existing locker room and handball wall, construction of a football field and athletic track and jumping pits..
Petitioner contends that the readvertisement for the project based upon a single bid violated section 101 of the General Municipal Law since separate specifications were not prepared in accordance therewith. Respondent contends that (1) section 101 only applies to construction which requires all three types of work specified in the three subdivisions enumerated in said section and (2) since the only building involved in the project is the toilet and storage building and, since its cost does not exceed $50,000, compliance with section 101 is not required. The court agrees with the petitioner.
It is not necessary that all the work enumerated in the three subdivisions of section 101 be part of a project in order that it be governed by said section. Those subdivisions merely describe, in general terms, the type of work which must be separately classified solely to the extent that such work is to be performed. It can hardly be suggested that a project would not be governed by section 101 if the work to be performed did not include some part of the work enumerated in any one of the three subdivisions or if the project required some work in addition to that specifically enumerated in said subdivisions.
Section 641-1.0 (subd. 2) of chapter 26 of the Administrative Code of the City of New York relating to the Department of Buildings defines the word “ building ” as follows: 44 The term 4 building ’ shall mean any building, structure, premises, or part thereof.” Section C26-147.0 of said chapter defines the word 44 structure ” as follows: 44 The term 4 structure ’ shall mean a building or construction of any kind.”
*144 In light of these definitions, it is the opinion of the court that the entire project, or any one of the following classifications of work, would constitute the “ erection, construction, reconstruction or alteration of buildings ” under section 101, would cost more than $50,000, and would accordingly require preparation of separate specifications: (1) Removal and construction of bleachers, construction of the toilet and storage building and alterations to the locker room and handball wall. (2) Construction of the bleachers and the toilet and storage building and alterations to the locker room and handball wall. (3) Construction of the bleachers and the toilet and storage building. (4) Construction of the bleachers and alterations to the locker room and handball wall. (5) Construction of the bleachers.
In view of the specific sum approved by the Mayor, the Board’s decision to reject the original bids on the ground that the total sum thereof was excessive was not arbitrary or capricious. The readvertisement, however, based upon one bid is, for the reasons hereinbefore set forth, in violation of section 101 of the General Municipal Law.
Accordingly, the petition is granted to the extent that respondents are prohibited from awarding the contract for the entire project in question based upon a single bid therefor and is in all other respects denied.